**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

TERRY LEE COLEMAN,           :
                             :
              Plaintiff,     :
v.                           :   CASE NO. 5:11-CV-496-MTT-MSH
                             :        42 U.S.C. § 1983
WILLIAM TERRY, and           :
ENWAI NWABUEZE,              :
                             :
              Defendants.    :
_____

**REPORT AND RECOMMENDATION**

Presently pending before the Court are Plaintiff's motions to amend the complaint (ECF No. 24), to appoint counsel (ECF No. 29), and for default judgment (ECF No. 33). Defendants' motion to dismiss (ECF No. 26) is also ripe for adjudication before this Court. For the reasons explained below, Plaintiff's motion to amend should be granted, but his claims dismissed under 28 U.S.C. § 1915A(b); Plaintiff's motion for default judgment should be denied; Defendant's motion to dismiss should be granted; and Plaintiff's motion to appoint should be denied as moot.

**BACKGROUND**

Plaintiff originally filed this lawsuit seeking both damages and injunctive relief against six Defendants. (Compl. 4-6, ECF No. 1.) Plaintiff then voluntarily dismissed his claims for damages and claims against Defendants Sergeant Mary Gore, Officer Floyd, Dr. Frederick Rovner, and Director of Nursing Ms. Smith. (Mem. in Supp. of Mot. for Voluntary Dismssal 1; Order & Recommendation 3, Feb. 6, 2012, ECF No. 12.)

After preliminary review, the claims seeking injunctive relief were allowed to proceed against the two remaining Defendants, Warden William Terry and Dr. Enwai Nwabueze. (Order & Recommendation 4-5.)

Plaintiff claims generally that he has been denied necessary medical care at Central State Prison.  According to Plaintiff, he suffers from a number of serious medical conditions, including renal cancer, kidney disease, diabetes, severe hypertension, "heart problems," and "major back problems."  Plaintiff alleges that he has only one kidney and that, prior to his incarceration, he was on the list for a kidney transplant.  Plaintiff's numerous allegations against Dr. Nwabueze include that he failed to treat Plaintiff's hypertension or diabetes, delayed "mandatory" MRI studies, refused to allow Plaintiff to see a kidney specialist, and otherwise impaired Plaintiff's ability to receive a kidney transplant.  Plaintiff further claims that Warden Terry had first-hand knowledge of Plaintiff's medical conditions and need for care.

## DISCUSSION

### I.    Motion to Amend

#### A.      Allegations in Amended Complaint

On April 2, 2012, Plaintiff moved to amend his Complaint to add claims against new parties.  (Mot. to Am. 1, ECF No. 24.)  Specifically, Plaintiff seeks to add claims for damages against Officers John Fagan, Johnny Hall, Gerry Johnson, Grievance Counselor Kimberly Short, and Warden William Terry (who is already a defendant in this action). (Am. Compl. 1, ECF No. 24-1.)  Plaintiff claims that on December 19, 2011, Plaintiff fell down the stairs while handcuffed behind his back, causing Plaintiff injury.  (Am. Compl.

2

2-3.)  He contends that Defendant Johnson was not holding to his cuffs as required when he fell.  Plaintiff claims that as a result of his fall, his wrists were cut, he suffered low back pain, and that he had a fractured tailbone from the incident.  (Am. Compl. 3.) Further, Plaintiff contends that although he was taken to medical the day of the incident, he was not given x-rays until thirty days later.  (*Id.*)  Plaintiff complains that he has not been given any type of physical therapy although the proposed defendants for the amended complaint knew that Plaintiff suffered injury.  (Am. Compl. 3-4.)  Finally, Plaintiff claims that in retaliation for complaining about this incident, Plaintiff was transferred from Central State Prison.  (Am. Compl. 4.)  Plaintiff avers that the proposed defendants were deliberately indifferent to his medical needs, that they kept him in unsafe conditions, and were negligent in violation of his Eighth and Fourteenth Amendment rights.

The Court notes that Plaintiff is raising new claims wholly unrelated to his initial Complaint through this amendment.  However, since Federal Rules of Civil Procedure Rule 15(a)(1)(B) allows a party to amend its pleading one time as a matter of course prior to the filing of a responsive pleading, the best course is to allow Plaintiff to amend his Complaint.  The Court assumes that Plaintiff's Amended Complaint was meant to supplement and not replace his original Complaint.  Plaintiff's new claims in the Amended Complaint are subject to preliminary review under 28 U.S.C. § 1915A.

B.    Preliminary Review of Amended Complaint

      1.    *Standard for Preliminary Review*

When conducting a preliminary review under § 1915A, the district court must accept all factual allegations in the Complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nonetheless, a district court may still dismiss a prisoner complaint after the initial review if it finds that the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(2)(B).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Id.* In other words, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

To state a claim for relief under §1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

2.   *Claims in the Amended Complaint*

Plaintiff has not alleged that Defendants Fagan, Hall, or Short committed any act or failed to do anything that violated his constitutional rights.  Plaintiff merely alleges that Defendants Fagan, Hall, and Short denied his grievances regarding the above mentioned incident and told him that he should not continue to file grievances on this issue.  This does not rise to the level of a constitutional violation because "a prison grievance procedure does not provide an inmate with a constitutionally protected interest." *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011).  Consequently the claims against these Defendants should be dismissed for failure to state a claim.

Plaintiff makes no specific allegations in his Amended Complaint against Warden Terry.  Instead, Plaintiff states that Defendant Terry is the "superintendent of Central State Prison" and therefore is "legally responsible for the operation of Central State Prison." (Am. Compl. 1.)  "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *West v. Tillman*, 496 F.3d 1321, 1328 (11th

5

Cir. 2007) (quotation marks and citation omitted).  "Instead, supervisory liability under §

1983 occurs either when the supervisor personally participates in the alleged

unconstitutional conduct or when there is a causal connection between the actions of a

supervising official and the alleged constitutional deprivation."  *Cottone v. Jenne*, 326

F.3d 1352, 1360 (11th Cir. 2003) (citation omitted).  Since Plaintiff has made no

allegations against Defendant Terry in his Amended Complaint, Defendant Terry should

likewise be dismissed.

Plaintiff generally states that the Georgia Department of Corrections retaliated

against him for filing grievances by transferring him from Central State Prison.  (Am.

Compl. 4.)  Plaintiff has not made the Georgia DOC a defendant in his Amended

Complaint, so this claim is not asserted against a defendant currently in the case.

Regardless, merely transferring Plaintiff does not give rise to a constitutional violation

because "inmates usually possess no constitutional right to be housed at one prison over

another."  *Barfield v. Brierton*, 883 F.2d 923, 936 (11th Cir. 1989).  This claim should

therefore be dismissed.

Plaintiff also generally asserts that he was not given medical treatment in a timely

manner, that he was not given the treatment that he wanted, and that this constitutes

deliberate indifference to his medical needs.  This claim is not asserted against a specific

defendant and none of the defendants in the Amended Complaint are alleged to be

responsible for medical treatment at Central State Prison.  Furthermore, Plaintiff states in

his Amended Complaint that he was immediately taken to "medical" after he fell down

the stairs by an Officer Brown.  (Am. Compl. 3.)  It appears that Plaintiff believes he

should have been given an x-ray at that time, but was not given an x-ray until thirty days later and was not given physical therapy as requested.  (*Id.* at 3-4.)  A difference of opinion regarding the medical treatment received does not generally create a constitutional claim.  *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *see also Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Although [the plaintiff] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference.").  Consequently, Plaintiff's deliberate indifference claims should also be dismissed for failure to state a claim.

Plaintiff also alleges that there are "unsafe conditions" in Central State Prison that violated his constitutional rights.  The Court assumes that this allegation refers to Central State Prison's procedure of handcuffing inmates behind their backs, but notes that this claim is also not linked to any particular defendant.  "The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement and to take reasonable measures to guarantee the safety of the inmates."  *Bugge v. Roberts*, 430 F. App'x 753, 757 (11th Cir. 2011) (internal quotation marks and citations omitted).  To state a claim for a violation of the Eighth Amendment, the Plaintiff should allege that (1) there is a substantial risk of serious harm, (2) the defendant was deliberately indifferent to that risk, and (3) causation.  *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).  Deliberate indifference is established by showing "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence."  *Bugge*, 430 F. App'x at 757 (internal quotation marks and citation omitted).  Handcuffing an inmate behind his back does not create an unsafe condition that gives rise

to an Eighth Amendment claim, especially in light of Plaintiff's allegation that officers are directed to hold onto inmates when they are walking (Am. Compl. 2-3). *See, e.g., Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("[O]nly those deprivations that deny the minimal civilized measure of life's necessities[] are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal quotation marks and citations omitted). Plaintiff's claim for unsafe conditions should therefore be dismissed.

Plaintiff's final claim in his Amended Complaint is against Defendant Johnson who Plaintiff claims failed to hold on to Plaintiff when Plaintiff was handcuffed behind his back. Plaintiff alleges that when he reached the top of the stairs he "slip[ped] and fell down [eight] steps" with his hands cuffed. (Am. Compl. 2-3.) Plaintiff states that it is Central State Prison's standard operating procedure for officers to hold onto inmates when they are handcuffed and going down the stairs, but that Defendant Johnson failed to follow these procedures. The Court interprets this claim as a conditions of confinement claim against Defendant Johnson.[1] Assuming that this did rise to the level of a substantial risk of serious harm, the Plaintiff has failed to allege deliberate indifference. To the contrary, Plaintiff alleges negligence at best in that Defendant Johnson did not have ahold of Plaintiff and that Plaintiff slipped. (Am. Compl. 2-3.) Such allegations do not give rise to an Eighth Amendment violation and should be dismissed.

---

[1] To the extent that this may be construed as a state law claim for negligence, the Court should decline to exercise supplemental jurisdiction over such claim because it is recommended that all federal claims be dismissed. 28 U.S.C. § 1367(c)(3).

## II.      Motion for Default Judgment

Plaintiff moves for default judgment against Defendant Johnson.  (ECF No. 33.)

A default may be entered against a party "whom a judgment for affirmative relief is

sought[,]" but "has failed to plead or otherwise defend[.]"   Fed. R. Civ. P. 55(a).

However, Defendant Johnson has not been served with the Complaint or Amended

Complaint.  Because Defendant Johnson has not been served, he has not "failed to plead

or otherwise defend" in this action and default is improper.  *Id.*, *see also Muhammad v.

Bethel*, 430 F. App'x 750, 751 (11th Cir. 2011) (explaining that if the defendant had "not

been served with the complaint, then she was under no obligation to respond").

Plaintiff's motion for default judgment should therefore be denied.

## III.     Defendant Nwabueze and Terry's Motion to Dismiss

Defendants Nwabueze and Terry move to dismiss Plaintiff's claims for injunctive

relief.   Specifically, these Defendants claim that Plaintiff's claims for injunctive relief

should be dismissed as moot because Plaintiff is no longer housed at Central State Prison,

but has been moved to Georgia State Prison.  (Br. in Supp. of Mot. to Dismiss 3, ECF No.

26-1.)  The Court agrees and recommends dismissal of these claims.

"[A] case is moot when the issues presented are no longer live or the parties lack a

legally cognizable interest in the outcome."  *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-

36 (11th Cir. 2001) (internal quotation marks and citation omitted).  "If events that occur

subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give

the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."

*Id.* at 1336.

Here, such an event has occurred—Plaintiff has been transferred from Central State Prison to Georgia State Prison. (*See* Notice of Change of Address 1, ECF No. 22.) "The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." *McKinnon v. Talladega Cnty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984). Because Plaintiff is no longer at Central State Prison, he can no longer receive medical care from Defendants who are located at Central State Prison. Plaintiff's claims for injunctive relief against Defendants Nwabueze and Terry are thus moot and should be dismissed.

## CONCLUSION

For the above stated reasons, Plaintiff's motion to amend the complaint (ECF No. 24) should be granted, but his new claims dismissed for failure to state a claim under 28 U.S.C. § 1915A(b). Plaintiff's motion for default judgment (ECF No. 33) should be denied. Defendants' motion to dismiss (ECF No. 26) should be granted, and Plaintiff's motion to appoint counsel (ECF No. 29) should be denied as moot.

WHEREFORE, IT IS RECOMMENDED that Plaintiff's motion to amend be GRANTED, but his claims be dismissed for failure to state a claim. Defendants' motion to dismiss should be GRANTED. Additionally, Plaintiff's motion for default judgment and motion to appoint should be DENIED. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 20th day of November, 2012.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE